## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DEIDRICK REED, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

No. 1:17-CV-181 JAR

## MEMORANDUM AND ORDER

This matter is before the Court on movant Deidrick Reed's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why his motion should not be summarily dismissed.

### Background

On March 20, 2014, movant was charged in a three-count Indictment: Count I charged movant with Maliciously Conveying False Information Regarding an Explosive Device, in violation of 18 U.S.C. § 844(e); Count 2 charged movant with Bank Robbery through the use of a Dangerous Weapon, in violation of 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d); and Count 3 charged movant with the Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On June 17, 2014, movant pleaded guilty to all three counts of the Indictment. The Court sentenced defendant on September 15, 2014, to a total of 180 months' imprisonment.[1] Defendant did not appeal his conviction or sentence.

---

[1]The term consisted of 96 months' imprisonment on each of Counts 1 and 2, all such terms to be served concurrently to each other, and 84 months' imprisonment on Count 3, to be served

More than three years later, on October 10, 2017, movant filed the instant motion to vacate brought pursuant to 28 U.S.C. § 2255, asserting that he is "entitled to a resentencing following the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017).

## Legal Standard

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

---

consecutively to the sentence imposed in Counts 1 and 2, for an aggregate prison term of 180 months.

## Discussion

Turning first to application of § 2255(f)(1), as a general matter, convictions become "final" upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id.*

Here, the judgment was entered on September 15, 2014, and it became final fourteen days later, on September 29, 2014. *See* Fed. R. App. P. 4(b)(1)(a) (providing for a 14–day period in which to file an appeal in a criminal case). Defendant did not file his § 2255 motion until October 10, 2017, some years after the one-year limitations period expired.

The Court turns next to whether a later filing is permitted under application of § 2255(f)(3). Defendant relies on the April 3, 2017 issuance of the Supreme Court's opinion in *Dean v. United States*, 137 S.Ct. 1170 (2017).

Application of § 2255(f)(3) depends on whether any newly recognized right is "retroactively applicable to cases on collateral review." The Eighth Circuit Court of Appeals has not addressed the retroactivity of *Dean.*

Defendant appears to argue that this Court should make its own retroactivity determination and decide that he is entitled to resentencing under *Dean.* However, other courts have held that "there is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris,* No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017). *See also In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of

3

constitutional law that was made retroactive to cases on collateral review"); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *United States v. Adams*, No. 7:06–cr–22–1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (dismissing § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings under the criteria discussed in *Teague v. Lane*, 489 U.S. 288, 311–16, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *United States v. Payne*, No. 94-CR-150 TCK, 2017 WL 3730612, at *1 (N.D. Okl August 29, 2017).

In short, movant has not demonstrated that *Dean* triggers the longer limitations period in § 2255(f)(3). As such, movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be denied and dismissed as time-barred.

Dated this 24th day of October, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4