# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEIDRICK REED, | ) |
| Movant, | ) ) ) |
| v. | ) No. 1:17-CV-181 JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent, | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se movant Deidrick Reed's motion brought pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, filed on October 10, 2017. For the reasons discussed below, the Court concludes that movant's assertions concerning whether he asked his attorney to file a notice of appeal cannot be conclusively determined based on the record currently before the Court. As such, the Court will require an evidentiary hearing on movant's assertion that his counsel was ineffective for failing to file a notice of appeal on his behalf.

### Background

On March 20, 2014, movant was charged in a three-count Indictment: Count I charged movant with Maliciously Conveying False Information Regarding an Explosive Device, in violation of 18 U.S.C. § 844(e); Count 2 charged movant with Bank Robbery through the use of a Dangerous Weapon, in violation of 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d); and Count 3 charged movant with the Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii).

On June 17, 2014, movant pleaded guilty to all three counts of the Indictment. The Court sentenced defendant on September 15, 2014, to a total of 180 months' imprisonment.[1] Movant did not appeal his conviction or sentence.

The plea agreement entered into by movant and the United States expressly provided that both parties reserved the right to appeal all sentencing issues. *See U.S. v. Reed*, No. 1:14CR0019 JAR, (E.D.Mo) (ECF No. 30, p. 11). Prior to sentencing, the Court adopted the conclusions of the United States Probation Office in its Presentence Investigation Report. *See U.S. v. Reed*, No. 1:14CR0019 JAR, (E.D.Mo) (ECF No. 35). The Court then sentenced movant to a total term of 180 months; imprisonment, followed by five (5) years of supervised release.

On April 9, 2015, approximately seven months after movant was sentenced, movant sent a request for his sentencing transcripts to the Court from FCI McCreary in Pine Knot, Kentucky. In his request, movant also asked for a copy of his docket sheet, and he mentioned that he wished to verify that "a notice of appeal was filed in [his] case." *U.S. v. Reed*, No. 1:14CR0019 JAR, (E.D.Mo) (ECF No. 42). A copy of the docket sheet was sent to movant on April 14, 2015. And the Court denied movant's request for copies of his transcripts on November 19, 2015. (ECF No. 45). In the Court's Memorandum and Order, the Court stated, "Defendant did not file an appeal, and currently has no case pending before the Court, and has not established an inability to pay for the transcript." *Id.*

More than three years later, on October 10, 2017, movant filed the instant motion to vacate brought pursuant to 28 U.S.C. § 2255, asserting that he is "entitled to a resentencing" following the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017).

---

[1] The term consisted of 96 months' imprisonment on each of Counts 1 and 2, all such terms to be served concurrently to each other, and 84 months' imprisonment on Count 3, to be served consecutively to the sentence imposed in Counts 1 and 2, for an aggregate prison term of 180 months.

2

On November 20, 2017, the Court ordered movant to show cause why movant's motion to vacate should not be dismissed as time-barred. Movant responded that his counsel had been ineffective for failing to file a notice of appeal on his behalf, in addition to failing to inform him of his right to file a post-conviction brief pursuant to 28 U.S.C. § 2255. Movant also renews his arguments for a "newly recognized right" in *Dean*.

The Court addressed movant's arguments under *Dean* in its October 24, 2017 Memorandum and Order to show cause why this matter should not be dismissed as untimely. *See Reed v. United States*, No. 1:17-CV-181 JAR (E.D.Mo.) (ECF No. 2).[2]

In *Dean*, the Supreme Court concluded that a district court may consider a defendant's sentence under § 924(c) in calculating a just sentence for a predicate count. 137 S.Ct. at 1176-77. Movant argues in his § 2255 that his conviction should be overturned because this Court erred when it did not consider the relationship between his sentence for his bank robbery offense and the minimum consecutive sentence for the § 924(c) offense. Movant's argument is legally frivolous as movant was given the minimum sentence of 84 months' imprisonment (7 years) on his § 924(c) offense. Additionally, *Dean* does not apply to movant's sentence because the Court recognized its discretion to vary downward from movant's Sentencing Guidelines range from the

---

[2]The Supreme Court's recent decision in *Dean* does not apply to a § 2255 because *Dean* cannot be applied retroactively to cases on collateral review. *See Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017). *See also In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *United States v. Adams*, No. 7:06-cr-22-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (dismissing § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings under the criteria discussed in *Teague v. Lane*, 489 U.S. 288, 311-16, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *United States v. Payne*, No. 94-CR- 150 TCK, 2017 WL 3730612, at *1 (N.D. Okl August 29, 2017).

maximum terms of imprisonment for Counts I and II, pursuant to the 18 U.S.C. § 3553(a) factors.

As movant's arguments brought pursuant to *Dean* are to no avail, the argument currently before the Court is movant's allegation that he received ineffective assistance of counsel in that his counsel, Scott Tilsen, failed to file a notice of appeal when movant requested that he do so.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (citations omitted).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir.1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir.1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

4

## Discussion

As stated above, movant maintains he received ineffective assistance of counsel in that his counsel failed to file a notice of appeal when movant requested that he do so. It is well established that the failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice of likely success on appeal as is required for other § 2255 petitions. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000); *see also, Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992) ("No inquiry into prejudice or likely success on appeal is necessary."). If movant asked for an appeal, his lawyer violated his Sixth Amendment right by failing to complete the "ministerial task" of filing a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also, Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007) (prejudice is presumed because the defendant has forfeited his right to appeal as a result of counsel's error, and the Court does not inquire into whether the intended appeal has merit or would be likely to succeed).

"The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." *Barger*, 204 F.3d at 1182. For such a claim to succeed, however, movant must show that he instructed his counsel to file an appeal. *See Holloway*, 960 F.2d at 1357. *Id.* "A bare assertion by the petitioner that [ ] he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." *Id.; see also, Rodriquez v. United States*, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam). "The critical question, then, is whether movant specifically asked his lawyer to file a notice of appeal." *Id.*

Upon consideration of the foregoing, the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of

5

movant's counsel, Scott Tilsen. *See Crutcher v. United States*, 2 Fed. Appx. 658 (8th Cir.2001); *Watson*, 493 at 964.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall have sixty (60) days to respond to movant Deidrick Reed's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that attorney Rebecca A. Reed, is appointed to represent movant in this matter, in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings. The Clerk of Court shall provide movant's appointed counsel with a complete copy of the court file at no cost.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of movant's counsel.

**IT IS FURTHER ORDERED** that the presence and participation of Deidrick Reed, Inmate # 41661-044, is required for the evidentiary hearing, which will be held before this Court on March 19, 2018 at 1:30pm.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Deidrick Reed, Inmate #41661-044, from the United States Penitentiary in Terre Haute, Indiana, to this Court, to attend the hearing.

**IT IS FURTHER ORDERED** that the remaining claims in movant's motion to vacate brought pursuant to 28 U.S.C. § 2255 will be **HELD IN ABEYANCE** pending the outcome of the scheduled evidentiary hearing.

Dated this 23rd day of February, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE