**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEIDRICK REED, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-cv-00181-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Deidrick Reed's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and his filing which he titled as a Motion for Summary Judgment. (Doc. No. 19).

**Background**

On June 17, 2014, Movant pleaded guilty to making a false bomb threat in violation of 18 U.S.C. § 844(e), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm in furtherance of a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (Doc. No. 40 in *United States v. Deidrick Reed*, No. 1:14-cr-00019 (E.D. Mo.)).  On September 15, 2014, this Court sentenced Movant to an aggregate sentence of 180 months in prison, to be followed by five years of supervised release. *Id.*

At the sentencing, the Court informed Movant of his appeal rights, stating, "you might be able to appeal the sentence in the case.  If you want to present any arguments to the Court of Appeals, you can do so by filing a notice of appeal.  If you request, the Clerk of the Court will prepare the notice of appeal for you…Under almost all circumstances the notice of appeal has to

be filed within 14 days of this date." (Doc. No. 18-2.)  The court further directed Movant's attorney

Scott Tilsen to explain Movant's rights to appeal and file a notice of compliance with local rule

12.07.  *Id.* at 30.  Movant signed a guilty plea that states, "both parties reserve all rights to appeal

all sentencing issues."  (Doc. No. 17.)  Movant testified his attorney explained the document to

him.  *Id.*

Under local rule 12.07, defense counsel files a form after sentencing certifying that either:

(1) a notice of appeal is forthcoming; (2) defendant has not requested an appeal; (3) defendant

declines to sign the form; or (4) defendant has been informed of their right to appeal and does not

wish to file an appeal.  Mr. Tilsen went over the notice of compliance with Movant and filled out

the form, indicating no appeal was forthcoming.  The form was signed by both Movant and Mr.

Tilsen and dated September 17th, 2014.  *Id.*  Mr. Tilsen failed to file the form, but it remained in

his file and possession.  Although he did not remember signing the notice of compliance, Mr.

Tilsen testified that it is his practice not to file a 12.07 form if the defendant requests an appeal.

(Doc No. 17 at 16.)  He further testified that if Movant had requested an appeal, he would have

filed one.  *Id.*  Mr. Tilsen received no further communication from Movant until January of 2015,

when Movant contacted him with a request to be moved to a different prison.  *Id.* at 14.

On October 17, 2017, Movant filed this § 2255 Motion.  (Doc. No. 1).  Upon initial review,

the Court ordered Movant to show cause why the motion should not be dismissed as time barred.

(Doc. No. 2).  Movant responded that his untimeliness was caused by his counsel's failure to file

an appeal despite Movant's request.  (Doc. No. 3).  This was the first time Movant raised the issue

of appealing his sentence.  This Court entered an order that, "[i]f movant asked for an appeal, his

lawyer violated his Sixth Amendment right by failing to complete the 'ministerial task' of filing a

notice of appeal" and set an evidentiary hearing "to determine the facts relating to the alleged

2

failure to file a notice of appeal on the part of movant's counsel." (Doc. 6 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Watson v. United States*, 493 F .3d 960, 963-64 (8th Cir. 2007); *Crutcher* v. *United States*, 2 Fed. Appx. 658 (8th Cir. 2001))).

The Court appointed new counsel and an evidentiary hearing was held at which both Movant and his counsel testified. (Doc. 11). Thereafter, the government filed its Response in Opposition to Movant's § 2255 Motion and moved the Court to dismiss it as untimely. (Doc. 13). Movant did not file a reply and the time for doing so has expired. *See* E.D.Mo. L.R. 4.01(C). On October 21, 2019, Movant filed a motion asking the court to rule on the case. (Doc. 19).

I.      **Motion to Vacate, Set Aside, or Correct Sentence**

**Legal Standards**

A motion to vacate filed under § 2255 is subject to a one-year period of limitations. *See* 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of: (1) "the date on which the judgment becomes final" by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing a federal habeas petition is removed by the state; (3) "the date on which an asserted, new constitutional right is recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

A period of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The tolling only affects an unexpired period of limitations, however; it cannot revive a period that has already run. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). The limitations period may be equitably tolled when a petitioner can show: "'(1) that he has been pursuing his rights

3

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is an exceedingly narrow window of relief" and the burden is on the party seeking to toll the running of the limitations period. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted).

### Analysis

In his Motion, Movant advanced a single ground for relief: "Under *Dean v. United States*[, 137 S.Ct 1170 (2017)], [Movant] was denied Due Process under [the] Fifth Amendment." (Doc. No. 1 at 4). It was not until the Court's Show Cause Order that Movant advanced his ineffective-assistance-of-counsel claim, asserted there only to explain his untimeliness. (*See id.*; Doc. No. 3). The Government argues that the Court denied Movant's *Dean* argument in its Show Cause Order, that the testimony at the evidentiary hearing does not support Movant's ineffective-assistance claim, and that, even if counsel ignored Movant's request to appeal, Movant's own conduct precludes relief. (Doc. No. 13).

The Court first addresses whether Movant's claim is timely under any of the four statute of limitation periods in 28 U.S.C. § 2255(f)(1)-(4). Under § 2255(f)(1), Movant's motion would have been timely if it was filed within one year of the date his conviction became final. The Court previously determined that Movant's conviction became final on September 29, 2014; therefore, the statute of limitations expired on September 29, 2015. (Doc. No. 2 at 3). Because Defendant did not file his § 2255 Motion until October 10, 2017, his claim does not fall within the one-year statute of limitations. The Court similarly finds the limitation periods in § 2255(f)(2) and §

4

2255(f)(3) irrelevant because Movant alleged no impediment to filing his habeas and *Dean* did not establish a new constitutional right retroactively applicable to Movant's case.[1]

The only remaining statute of limitations period, § 2255(f)(4), required Movant to file his motion within one year of the date the facts supporting his claim could have been discovered through due diligence. The doctrine of equitable tolling applies to this limitations period, allowing the Court to recognize an otherwise time barred motion if Movant proved he was both pursuing his rights diligently and that an extraordinary circumstance prevented him from timely filing.

Movant filed his pro se § 2255 motion to vacate, set aside, or correct his sentence approximately three years after his conviction became final. Movant did not present the instant ineffective assistance of counsel claim until about a month later on November 20, 2017, in response to a show cause order for untimeliness. In that response, Movant alleged that his original motion was untimely because his lawyer misled him into believing he could not file an appeal after signing his guilty plea. (Doc. No. 3 at 2). Movant testified to the same at the evidentiary hearing, stating that he did not realize he could appeal until other inmates who had been through the process told him he could. (Doc. No. 18-1 at 28, ¶¶ 5-11). However, Movant also testified that Mr. Tilsen explained the guilty plea to him, which informed him he retained a right to appeal. *Id.* at 21. He further testified the Court informed him if he wished to appeal the sentence, he could inform the Clerk of the Court. *Id.* at 35.

Mr. Tilsen testified that he likely told Movant that if they did appeal his sentence that Movant probably would not win, given that his sentence was within the guideline range. (Doc. No. 18-1 at 17, ¶¶ 16-22). Although Mr. Tilsen does not specifically remember discussing the

---

[1] The Court previously determined that Movant's argument under *Dean* was legally frivolous. (Doc. No. 6).

appeal with Movant, he was sure that he would have told Movant he had the right to appeal and would have filed an appeal if Movant had requested.  (Doc. No. 18-1 at 18, ¶¶ 18-24).  Mr. Tilsen also filed a 12.07 form signed by Movant that stated Movant did not wish to appeal his case.  Doc. No. 17 at 3-4.

The Court finds Movant's testimony at the evidentiary hearing that he asked Mr. Tilsen to file an appeal is not credible and believable.  The Court further finds Mr. Tilsen's testimony at the evidentiary hearing was credible and believable.

Even taking Movant's testimony as true, that he originally requested an appeal and Mr. Tilsen wrongly told him he could not file one, it is clear to this Court that Movant's claim is time-barred.  At the evidentiary hearing, Movant testified that he sent a letter to the Clerk's office on April 9, 2015, asking to verify that a notice of appeal was filed in his case and that, in return, the clerk sent him his criminal docket sheet. (Doc. No. 18-1 at 30, ¶¶ 5-8, 18-19).  The docket sheet showed that no notice of appeal had been filed.  (Crim. Doc. No. 43).  Movant must have known of his right to appeal upon sending the letter and would have known that no appeal had been filed upon receiving the docket sheet.  Even so, Movant did not file a motion claiming ineffective assistance of counsel until over two and half years after his verification of whether an appeal had been filed.  This puts Movant outside the statute of limitations of § 2255(f)(4) and, because he has not shown that any extraordinary circumstances prevented him from filing a timely motion, Movant is not entitled to the "exceedingly narrow relief" of the equitable tolling doctrine.

## II.     Motion for Summary Judgment

In his filing titled as a Motion for Summary Judgment, Movant asks only that this Court rule on the underlying Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 19).

6

Movant does not allege that he is entitled to judgment in his favor as a matter of law.  Because the Court is ruling on the underlying motion, Movant's Motion is now moot.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Movant's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 8th day of October, 2020.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**